UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

Plaintiff,

v.

KENNETH LAUREN et al.,

Defendants.

CASE NO. 3:17-CV-05013-RBL-DWC

ORDER GRANTING MOTION TO
PROCEED IN FORMA PAUPERIS

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. The Court has reviewed Plaintiff Steven Darby McDonald's Complaint and concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g). However, Plaintiff has shown he is under imminent danger of serious physical injury and therefore the three-strikes rule does not apply. Accordingly, the Court grants Plaintiff's Motion to Proceed *In Forma Pauperis* (IFP).

**BACKGROUND**

Plaintiff, who is currently incarcerated at Clallam Bay Corrections Center ("CBCC") filed an Application to Proceed *In Forma Pauperis* ("Motion"), Dkt. 1., and a Proposed Civil

1  Rights Complaint, Dkt. 1-1, in this civil rights action on January 8, 2017. Dkt.1. Plaintiff alleges

2  Defendants have denied him treatment for his liver disease in violation of his First and Eighth

3  Amendment rights. Dkts. 1, 1-1.

4  **DISCUSSION**

5  The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs *in forma paupers*

6  ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil

7  complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*,

8  493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were

9  burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for

10  prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d

11  307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the

12  requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds

13  become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051.

14  "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred

15  from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes

16  rule," contained in §1915(g), states:

17
18
19
20  > [i]n no event shall a prisoner bring a civil action under this section if the prisoner
> has, on 3 or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.

21  The Court notes the PLRA's strike provision does not distinguish between dismissals with

22  prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed

23  pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir.

24  2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915

and the case is dismissed, the dismissal counts as a strike. *Id* at 1155; *see El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) ("to constitute a strike, the denial of IFP status must be based on one of the enumerated grounds in the statute"); *But see  Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055–58 (9th Cir. 2016) (holding that a dismissal of an action that includes a claim that both sounds in habeas and seeks injunctive relief does not constitute a strike). Further, "[d]ismissal of an action and the subsequent dismissal of the appeal as frivolous amount to two separate strikes." *Richey v. Fleenor*, 2014 WL 5111588 (W.D. Wash Oct. 10, 2014). *See also Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002); *Moran v. Sondalle*, 218 F.3d 647, 651–52 (7th Cir.2000) (both noting that frivolous appeals count as a strike).

## I.      Strikes Under 28 U.S.C. 1915(g)

A review of court records from this District shows at least three of the cases Plaintiff filed while incarcerated were dismissed for failure to state a claim.

Plaintiff filed *McDonald v. Kenney, et al.* (Case No. 3:13-CV-5647, W.D. Wash.) while incarcerated. During the screening process, this case was dismissed with prejudice for failure to state a claim upon which relief could be granted. As this case was dismissed for failure to state a claim, *McDonald v. Kenney, et al.* is Plaintiff's first strike. Plaintiff appealed the dismissal. *McDonald v. Kenney, et al.*, Case No. 14-35068 (9th Cir.). The Court of Appeals for the Ninth Circuit denied his motion to proceed IFP because the appeal was frivolous and instructed Plaintiff to show cause why the court should not summarily affirm the district court's judgment after the filing fee was paid. Plaintiff did not pay the filing fee and the case was dismissed for failure to prosecute. As the motion to proceed IFP was denied as frivolous, Plaintiff's appeal of *McDonald v. Kenney, et al.* is his second strike. *See Thomas v. Beutler*, 2012 WL 5464631, *2 (E.D. Cal. Nov. 7, 2012) (counting a dismissal for failure to pay a filing fee a strike when the

court of appeals denied the plaintiff's motion to proceed IFP because the appeal was frivolous and ordered the plaintiff to show cause why the court should not summarily affirm the district court's judgment upon payment of the filing fee).

Plaintiff also filed *McDonald v. Khurshid, et al.* (Case No. 3:04-CV-5736, W.D. Wash.) while incarcerated. The case was dismissed based on Plaintiff's failure to state a claim for which relief could be granted and because Plaintiff had abused the legal process, harassed numerous parties, and engaged in vexatious behavior. *Id.* As this case was dismissed for failure to state a claim, *McDonald v. Khurshid, et al.* is Plaintiff's third strike.[1]

While incarcerated Plaintiff brought at least three actions which were frivolous, malicious, or failed to state a claim; therefore, he is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because he is under imminent danger.

## II.     Imminent Danger Exception

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to

---

[1] The Court notes Plaintiff appealed *McDonald v. Khurshid, et al.* (Case No. 06-35482, 9th Cir.) and has also filed numerous other cases while incarcerated. Because the Court has already determined Plaintiff has three-strikes, the Court finds it is unnecessary to consider these previous cases. *See* Dkt. 1 (Plaintiff states he has filed 12 previous lawsuits). The Court also notes Plaintiff contends he only has two strikes, as "found by my last Judge who reviewed my case, Judge Rice." Dkt. 1-1 at 5. Although it is unclear, it appears Plaintiff is referring to *McDonald v. Edwards, et al.,* (Case No. 2:13-CV-00222-SAB, E.D. Wash.). However, Plaintiff's strikes in *McDonald v. Kenney, et al.* (Case No. 3:13-CV-5647, W.D. Wash.) and *McDonald v. Kenney, et al.*, Case No. 14-35068 (9th Cir.) occurred *after* Plaintiff filed *McDonald v. Edwards, et al.,* (Case No. 2:13-CV-00222-SAB, E.D. Wash.).

1  interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th

2  Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the

3  threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (*citing Lewis v. Sullivan*, 279 F.3d 526,

4  531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

5       Plaintiff alleges his constitutional rights are being violated because he is being denied

6  adequate medical treatment. Dkt. 1-1. Specifically, Plaintiff states he has not been receiving

7  treatment for his liver disease. *Id.* He contends the lack of treatment will lead to long-term liver

8  damage and death. *Id.*  The Court finds Plaintiff has sufficiently alleged a danger which is "ready

9  to take place" or "hanging threateningly over his head" as a result of the lack of treatment for his

10  liver disease. *Cervantes*, 493 F.3d at 1056. Plaintiff has therefore shown the imminent danger

11  exception applies in this case, and Plaintiff is exempted from the three-strikes rule. *See e.g.*

12  *Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (lack of adequate treatment for

13  Hepatitis C constitutes "imminent danger"); *Brown v. Johnson,* 387 F.3d 1344 (11th Cir. 2004)

14  (same); *McAlphin v. Toney,* 281 F.3d 709 (8th Cir. 2002) (lack of adequate dental facilities when

15  inmate had dental infection poses risk of imminent danger).

16  **CONCLUSION**

17       The Court grants Plaintiff's Motion (Dkt. 1) as Plaintiff has shown imminent danger to

18  overcome his three strikes. If Defendants dispute the Court's finding that Plaintiff is in imminent

19  danger, Defendants may raise the argument in their responsive pleadings and the Court will

20  revisit the issue.

21       As Plaintiff's Motion to Proceed IFP is granted, the Court orders as follows:

22       (1)     Plaintiff's declaration indicates he is unable to afford the Court's filing fee or give

23  security therefore. As set forth below, an initial partial filing fee will be collected, and Plaintiff is

24

1  thereafter required to make monthly payments of 20 percent of the preceding month's income

2  credited to his account until the full amount of the filing fee is satisfied.

3        (2)     Pursuant to 28 U.S.C. § 1915, and Plaintiff's approved application to proceed *in*

4  *forma pauperis*, the agency having custody of the above-named Plaintiff is directed to calculate

5  an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly

6  deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account

7  for the 6-month period immediately preceding the date of this Order.  The initial partial filing fee

8  should be forwarded to the Clerk of Court as soon as practicable.

9        Subsequently, if the prisoner's account exceeds $10.00, each month the agency having

10  custody of the prisoner is directed to collect and forward payments equal to 20 percent of the

11  prisoner's preceding month's income credited to the prisoner's account.  In the event that the

12  monthly payment would reduce the prisoner's account below $10.00, the agency should collect

13  and forward only that amount which would reduce the prisoner's account to the $10.00 level.

14  Please note this $10.00 limit does not apply to the initial partial filing fee described above.

15  Finally, the monthly payments should be collected and forwarded to the Court until the entire

16  filing fee ($350.00) for this matter has been paid.

17        (3)     The Clerk is directed to send a copy of this Order to Plaintiff, to the financial

18  officer of this Court, and to the agency having custody of Plaintiff.

19        Dated this 24th day of January, 2017.

20

21

22  David W. Christel
    United States Magistrate Judge

23

24