UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

    Plaintiff,

v.

KENNETH LAUREN, STEVEN JEWITT, STEVEN HAMMOND, EDITH KROHA, MICHAEL HOLTHE, ROBERT HERZOG, JOHN CAMPBELL, TIM THRASHER, PETER MAXSON,

    Defendants.

CASE NO. 3:17-CV-05013-RBL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action are Plaintiff Steven Darby McDonald's "Request for Delay in the Case in Order to File an Amendment to the Civil Suit Including Newly Exhausted Medical Issues" ("Motion to Stay"), "Request to Resume Discovery" ("Motion for Discovery"), "Request to Expand Mandatory Discovery Order to Encompass the Defendants Protected Health Information" ("Motion to Amend"), and "Request for Defendants and Their Agents to Show Cause Why They are Prohibiting him From

Exhausting All Possible Administrative Remedies to Resolve Issues" ("Motion to Show Cause"). Dkt. 32, 33, 38, 43.[1] After consideration of the pending Motions, the Court denies the Motion to Stay (Dkt. 32), denies as moot the Motion for Discovery (Dkt. 33), denies the Motion to Amend (Dkt. 38), and denies the Motion to Show Cause (Dkt. 43).

### I. Motion to Stay (Dkt. 32)

On August 6, 2017, Plaintiff filed the Motion to Stay, requesting the Court stay this case for thirty days while he prepares an amendment to his Complaint. Dkt. 32. "A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

---

[1]Plaintiff also filed: (1) "Request for Preliminary Injunction to Compel Diagnostic Testing (ERCP), and Resumption of Pain Management. And Request for Appointment of Private Hepatologist (sic) to Review Liver History, and Counsel to Coordinate this Process and Represent Plaintiff," which is ready for the Court's consideration on October 13, 2017; (2) "Request to Amend Several Pages to (sic) Motion for Preliminary Injunction," which is ready for the Court's consideration on October 13, 2017; and (3) "Request to File Over Length Motion for Preliminary Injunction Seeking Specific Medical Treatments," which is ready for the Court's consideration on October 20, 2017. Dkt. 48, 51, 52.

Here, Plaintiff states he would like the case stayed for thirty days so he can prepare and file an amendment to his Complaint, adding newly exhausted claims. Dkt. 32. The Court finds Plaintiff has not shown he will suffer hardships or inequities if this case proceeds. There is also no evidence a stay will simplify this case. Further, it is unclear Plaintiff would be allowed to amend his Complaint at this time. As Plaintiff has not shown a stay is appropriate, the Motion to Stay (Dkt. 32) is denied.

If Plaintiff wishes to add new claims to the Complaint, he must file a motion to amend the Complaint and attach a proposed amended complaint. The Court notes, if the motion to amend is granted, the amended complaint will replace the Complaint; it will not supplement the Complaint.

**II.    Motion for Discovery (Dkt. 33)**

On August 7, 2017, Plaintiff filed a Motion for Discovery asking the Court to resume discovery, which was stayed while the parties attempted to mediate this case. Dkt. 33. The Court entered a Mandatory Pretrial Discovery and Scheduling Order Pursuant to Amended General Order 09-16 ("Pretrial Scheduling Order") on August 8, 2017, setting discovery deadlines. Dkt. 35. The discovery period is open and Plaintiff may proceed with discovery in compliance with the Pretrial Scheduling Order, the Federal Rules of Civil Procedure, and the Court's Local Rules. Therefore, the Motion for Discovery (Dkt. 33) is denied as moot.

**III.    Motion to Amend (Dkt. 38)**

Plaintiff filed the Motion to Amend on August 20, 2017, wherein he requests the Court expand the Pretrial Scheduling Order to include a requirement that Defendants disclose their protected health information within the scope of Federal Health Insurance Portability and Accountability Act of 1996. Dkt. 38.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. Here, Plaintiff fails to show good cause for modifying the Pretrial Scheduling Order. Plaintiff alleges Defendants acted with deliberate indifference to his serious medical needs and retaliated against him because of the content on his website. *See* Dkt. 4, 38. Plaintiff contends he needs Defendants' private health information to prove the statements on his website are true. *See* Dkt. 38, 44. Plaintiff, however, fails to show how proving the statements on his website are true correlate with proving Defendants retaliated against him. As such, Plaintiff has not shown the discovery disclosures he requests are relevant to this lawsuit and, thus, has not shown good cause for amending the Pretrial Scheduling Order. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

To the extent Plaintiff is attempting to have the Court conduct discovery for him, the Court reminds Plaintiff that he may not serve discovery requests through the Court. *See* Local Rule 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"); Dkt. 34. If Plaintiff wishes to conduct discovery, he must mail discovery requests to Defendants' counsel.

In sum, the Court finds Plaintiff has failed to show good cause for amending the Pretrial Scheduling Order to require initial disclosures regarding Defendants' protected health information. Accordingly, the Motion to Amend (Dkt. 38) is denied.

**IV.     Motion to Show Cause (Dkt. 43)**

On September 3, 2017, Plaintiff filed the Motion to Show Cause. Dkt. 43. Plaintiff requests the Court order Defendants to show cause why Defendants and their agents have failed to get Defendants to allow him to exhaust his administrative remedies. *Id*. Plaintiff states he is

attempting to file a new federal civil rights lawsuit and Defendants and their agents are not prohibiting Plaintiff for properly exhausting his new claims. *Id*.

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Here, Plaintiff alleges he is unable to exhaust the administrative remedies available to him regarding a new federal civil rights case he is attempting to file. *See* Dkt. 43. Plaintiff fails to show how his inability to exhaust new claims unrelated to this lawsuit is relevant to this lawsuit. Further, Plaintiff's allegations regarding an inability to exhaust the new claims would be more properly raised as a defense to failure to exhaust in the new case. As Plaintiff has failed to show any relevance between this case and his allegation that Defendants and their agents are impeding his ability to properly exhaust claims he seeks to raise in a new lawsuit, the Court declines to direct Defendants to show cause. Accordingly, the Motion to Show Cause (Dkt. 43) is denied.

**V.     Proper Decorum**

Defendants ask the Court to remind Plaintiff to engage in proper Court decorum. Dkt. 36. The Court has reviewed several of Plaintiff's filings, and finds it appropriate to direct Plaintiff to use proper Court decorum in his filings. Plaintiff shall present motions and arguments which

focus on the merits of his case, and shall refrain from name-calling and personally attacking Defendants and defense counsel. If a filing contains abusive language, the Court may decline to consider the filing.[2]

## VI. Conclusion

For the above stated reasons, the Court denies the Motion to Stay (Dkt. 32), denies as moot the Motion for Discovery (Dkt. 33), denies the Motion to Amend (Dkt. 38), and denies the Motion to Show Cause (Dkt. 43).

Dated this 5th day of October, 2017.

David W. Christel
United States Magistrate Judge

---

[2] Plaintiff requests the Court sanction Defendants' counsel for his "misdirection, obfuscation, and out right lying about what is taking place[.]" Dkt. 39. Plaintiff's conclusory allegations do not show sanctions are warranted. *See* Fed. R. Civ. P. 11 (sanctions may be warranted when an attorney or unrepresented party violates Rule 11(b)). Therefore, the Court declines to impose sanctions at this time.