UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

    Plaintiff,

v.

KENNETH LAUREN, et al.,

    Defendants.

CASE NO. 3:17-cv-05013-RBL-DWC

ORDER REGARDING MOTION FOR RECUSAL AND MOTION TO TRANSFER

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's Motion for Recusal of the Undersigned Magistrate Judge ("Motion for Recusal") (Dkt. 64) and his Motion to Transfer the Case ("Motion to Transfer") (Dkt. 67).[1] After review of Plaintiff's Motion for Recusal, the undersigned believes a reasonable person would not question his impartiality and so will not

---

[1] Plaintiff also has numerous other outstanding motions, including: Motion for Preliminary Injunction (Dkt. 48), Motion to Amend the Motion for Preliminary Injunction (Dkt. 51), Motion to File an Overlength Pleading (Dkt. 52), Motion for Immediate Ruling (Dkt. 60), Motion for Leave to File Excess Pages (Dkt. 62), Motion to Notify FBI of Potential Hack (Dkt. 63), Objection to the Court's Order (Dkt. 65), and Motion to Consider Plaintiff's Declaration (Dkt. 66). The outstanding motions are being re-noted for the Court's consideration when a final order is entered on the Motion for Recusal and the Motion to Transfer. The Objection (Dkt. 65) is before the Honorable Ronald B. Leighton.

voluntarily recuse himself. The Court also declines to transfer the case to Seattle because venue is proper in Tacoma. The Court refers the above noted motions and this Order to Chief Judge Ricardo S. Martinez pursuant to Local Civil Rule 3(f).

**DISCUSSION**

**I.      Motion for Recusal**

Plaintiff filed a Motion for Recusal, asking the Undersigned Magistrate Judge to recuse himself because of alleged bias against Plaintiff. Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of

> the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Plaintiff has not shown a reasonable person could question this Court's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case.

## II.  Motion to Transfer

Plaintiff has also filed a Motion to Transfer, claiming he cannot receive fair treatment from the officials and staff in the Tacoma Division of the Western District of Washington. Under the Local Rules, an action should be heard in the division where all defendants reside or where a substantial part of the claims occurred. LR 7(e). However, "[i]n some circumstances," a judge will order a case heard in Seattle when it would normally be heard in Tacoma. *Id*. Here, Plaintiff requests transfer because he believes the officials and staff at the Tacoma Division courthouse are acting unlawfully in handling his action. Yet, his allegations do not support this assertion. Rather, they amount to disagreements about when a motion was noted, the number of pages the Clerk has included on some of his docket entries, and an allegation that the Magistrate Judge is either purposefully misreading facts or the CM/ECF system has been hacked. Further, the claims in his complaint stem from events that allegedly occurred at both the Monroe Correctional Complex, in Monroe, Washington, and the Clallam Bay Correctional Center, in Clallam Bay,

Washington. Dkt. 4. Plaintiff is also currently housed at the Clallam Bay Corrections Center. Because a substantial portion of the alleged events occurred in Clallam County, venue is proper in the Tacoma Division. *See* LR 3(e). Further, Plaintiff has not demonstrated a compelling circumstance warranting transfer to the Seattle Division. Therefore, the Court declines to transfer Plaintiff's case to Seattle.

**CONCLUSION**

Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter, nor is there reason to transfer Plaintiff's case to the Seattle Division. Therefore, the undersigned declines to recuse himself voluntarily and to transfer the case. Plaintiff's Motion for Recusal and Motion to Transfer are referred to Chief Judge Martinez pursuant to Local Civil Rule 3(f).

The Clerk is directed to Place the Motion for Recusal (Dkt. 64) and Motion to Transfer (Dkt. 67) on Chief Judge Martinez's Motion Calendar.

The Clerk is further directed to send a copy of this Order to Petitioner.

The Clerk is finally directed to re-note the following outstanding motions to December 1, 2017: Motion for Preliminary Injunction (Dkt. 48); Motion to Amend the Motion for Preliminary Injunction (Dkt. 51); Motion to File an Overlength Pleading (Dkt. 52); Motion for Immediate Ruling (Dkt. 60); Motion for Leave to File Excess Pages (Dkt. 62); Motion to Notify FBI of Potential Hack (Dkt. 63); and Motion to Consider Plaintiff's Declaration (Dkt. 66).

Dated this 27th day of October, 2017.

David W. Christel
United States Magistrate Judge