UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN DARBY MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH LAUREN, et al.,<br><br>Defendants. | CASE NO. 3:17-cv-05013-RBL-DWC<br><br>ORDER ON REVIEW OF MOTION TO RECUSE AND MOTION TO TRANSFER |

On October 15, 2017, Plaintiff Steven Darby McDonald filed a Motion for Recusal of Magistrate Judge David W. Christel in this matter, Dkt. #64, and on October 16, 2017, Mr. McDonald filed a Motion requesting transfer of this case to the Seattle Division, directed to the Chief Judge, Dkt. #67. On October 27, 2017, Judge Christel issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referred that decision to the Chief Judge for review. Dkt. #70; LCR 3(e). This Order also declined to grant the requested relief of transferring this case to the Seattle Division and directed that the above two Motions be placed on the undersigned's calendar. Dkt. #70.

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning

a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

The Court has reviewed Mr. McDonald's Motion to Recuse and the documents cited therein. Mr. McDonald focuses intently on Judge Christel's supposed false characterization of Mr. McDonald's Show Cause Motion, Dkt. #43, in Judge Christel's subsequent Order, Dkt. #59. The Court finds that Judge Christel's Order is not *quoting* Mr. McDonald's motion—there are no quotation marks—but is rather summarizing the requested relief in that Motion. This summary is generally accurate. Mr. McDonald does request in his Show Cause Motion that the Court order Defendants to show cause why Defendants and their agents have failed to get Defendants to allow him to exhaust his administrative remedies, and Mr. McDonald does state that he is attempting to file a new federal civil rights lawsuit. Mr. McDonald's Show Cause Motion states that "Defendants and their agents are deliberately prohibiting and/or frustrating this by their not allowing the complete and proper exhaustion of all possible remedies to take place under the Tort Claim procedure codified in RCW 4.92." Dkt. #43 at 1. The Court's subsequent summary of this argument, that "Plaintiff states… Defendants and their agents are not prohibiting Plaintiff for properly exhausting his new claims," is perhaps confusing, and at worst contains a typographical error. *See* Dkt. # 59. The Court's subsequent analysis of Mr. McDonald's Motion is legally sound. Together, this fails to constitute evidence upon which the impartiality of Judge Christel might reasonably be questioned.

| | |
|---|---|
| 1 | The remainder of Mr. McDonald's claims likewise fail to demonstrate impartiality or bias, at worst showing potential oversights or errors in the normal operations of the Court. |
| 2 | |
| 3 | The Court has also reviewed Mr. McDonald's Motion to Transfer to the Seattle Division and Judge Christel's Order on the same, and agrees with Judge Christel's reasoned analysis. Mr. McDonald's arguments "amount to disagreements about when a motion was noted, the number of pages the Clerk has included on some of his docket entries, and an allegation that the Magistrate Judge is either purposefully misreading facts or the CM/ECF system has been hacked." Dkt. #70 at 3. These claims and the attached evidence do not support the requested relief, and venue is otherwise proper in the Tacoma Division. *See id*. |

The remainder of Mr. McDonald's claims likewise fail to demonstrate impartiality or bias, at worst showing potential oversights or errors in the normal operations of the Court.

The Court has also reviewed Mr. McDonald's Motion to Transfer to the Seattle Division and Judge Christel's Order on the same, and agrees with Judge Christel's reasoned analysis. Mr. McDonald's arguments "amount to disagreements about when a motion was noted, the number of pages the Clerk has included on some of his docket entries, and an allegation that the Magistrate Judge is either purposefully misreading facts or the CM/ECF system has been hacked." Dkt. #70 at 3. These claims and the attached evidence do not support the requested relief, and venue is otherwise proper in the Tacoma Division. *See id*.

Accordingly, the Court hereby finds and ORDERS that Judge Christel's refusal to recuse himself from this matter is AFFIRMED and Mr. McDonald's Motion to Transfer (Dkt. #67) is DENIED. The Clerk shall provide a copy of this Order to Mr. McDonald.

DATED this 1 day of November, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE