# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

STEVEN DARBY MCDONALD,

    Plaintiff,

v.

KENNETH LAUREN, et al.,

    Defendant.

CASE NO. 3:17-cv-05013-RBL-DWC

ORDER

Plaintiff Steven Darby McDonald, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has filed several motions regarding his request for injunctive relief. The Court grants the Motion to Amend, the Motion for Leave, and the Motion for Excess Pages. The Court grants in part and denies in part the Motion to Consider Plaintiff's Declaration. The Court also grants Defendants' Motion to Strike Plaintiff's Legal Face Sheet.

**BACKGROUND**

Plaintiff is a Washington State Prisoner currently incarcerated at the Clallam Bay Corrections Center. *See* Dkt. 4. He filed his Complaint in January of 2017. Dkt. 1. After the

Court ordered service of the Complaint and Defendants filed an Answer, Plaintiff filed a Motion for Preliminary Injunction to Compel Diagnostic Testing and Resumption of Pain Management, to Appoint Private Hepatologist; and Appoint Counsel in which he requested: (1) injunctive relief to obtain diagnostic testing and the resumption of his pain management regimen; (2) appointment of counsel; and (3) appointment of a medical expert. Dkt. 48 at 1 *Id*. at 22-24. Plaintiff then filed a Motion to Amend His Motion for Injunctive Relief ("Motion to Amend") (Dkt. 51), a Motion for Leave to File Overlength Motion for Preliminary Injunction ("Motion for Leave") (Dkt. 52), a Motion for Leave to File Excess Pages ("Motion for Excess Pages") (Dkt. 62), and a Motion to Consider Plaintiff's Declaration (Dkt. 66).[1] Defendants responded to the Motion to Amend, saying they had no opposition, though requesting the Court also re-note the Motion for Preliminary Injunction. Dkt. 54. Defendants have filed a Response to Plaintiff's Motion for Preliminary Injunction. Dkt. 56. Plaintiff also filed a Legal Face Sheet (Dkt. 75), which Defendants have moved to strike (Dkt. 77).

## DISCUSSION

### I. Motion to Amend and Motion to File Excess Pages

Plaintiff first filed the Motion to Amend (Dkt. 51) and then filed the Motion for Leave (Dkt. 52). Defendants stated that they do not oppose the Motion to Amend (Dkt. 51), but request that the Court re-note the Motion for Preliminary Injunction. Dkt. 54.

---

[1] Also pending before the Court are Plaintiff's: (1) "Motion for Immediate Ruling, which will be addressed by the Court in a separate order (Dkt. 60); (2) Motion to Notify the FBI of Potential CM/ECF Hack, which will be addressed in a separate order (Dkt. 63); (3) Motion to Compel Discovery, which became ready for the Court's consideration on January 12, 2018 (Dkt. 80); (4) Motion to Extend Pretrial Discovery, which is ready for the Court's consideration on January 12, 2018 (Dkt. 85); (5) Motion for Extension of Time, which is ready for the Court's consideration on January 12, 2018 (Dkt. 88); (6) Motion to Vacate General Order 09-16, which will be addressed in a separate Report and Recommendation (Dkt. 91); and (7) Motion to Compel Specific Documents, which is ready for the Court's consideration on January 12, 2018 (Dkt. 93).

Because Defendants do not object to either Motion, the Court grants both the Motion to Amend (Dkt. 51) and the Motion for Leave (Dkt. 52). The Clerk is directed to combine Plaintiff's Motion for Injunctive Relief (Dkt. 48) and Motion to Amend (Dkt. 51), and place it on the docket as Plaintiff's Amended Motion for Injunctive Relief ("Amended Motion"). Plaintiff may supplement the Amended Motion on or before January 5, 2018. Defendants may file a response to the Amended Motion and any supplements by January 29, 2018.

## II.     Motion for Leave to File Excess Pages

Plaintiff's Motion for Excess Pages (Dkt. 62) seeks leave to file a reply brief containing six-pages beyond the limit prescribed by Local Rule 7. Motions for over-length briefs are generally disfavored, but may be granted under certain conditions. LCR 7(f). The filer must ask for a specific number of pages and the motion may not be more than two pages. *Id*. Plaintiff adheres to these requirements. In addition, he only asks for six pages beyond the 12 normally allowed in a reply brief. Because of this, leave to file excess pages is appropriate. The Court grants Plaintiff's Motion for Excess Pages (Dkt. 62).

## III.    Motion to Consider Plaintiff's Declaration

In his Motion to Consider Plaintiff's Declaration, Plaintiff asks the Court to consider his declaration when it makes its determination about his Motion for Preliminary Injunction "at the preliminary injunction hearing scheduled for October 20, 2017." Dkt. 66. The Court has not determined whether it will schedule a hearing on the motion for preliminary injunction, but it will consider Plaintiff's declaration (Dkt. 49) when it makes its determination about the Amended Motion. Because the Court has not yet decided whether to schedule a hearing and the hearing date referenced by Plaintiff has already passed, the Court denies Plaintiff's Motion to Consider His Declaration (Dkt. 66) "at the preliminary injunction hearing" as moot.

## IV. Defendants' Motion to Strike

Defendants have filed a Motion to Strike Plaintiff's Legal Face Sheet. Dkt. 77. Local Rule 7(g) requires that motions to strike should only be filed in conjunction with the response to the offending motion or pleading. However, the Court has inherent power to control its own docket. *Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This authority includes the power to strike an item from the docket as a sanction for litigation conduct. *Id*. Here, the Court has already warned Plaintiff to refrain from name-calling and personal attacks, and has further warned Plaintiff the Court may decline to consider documents containing offensive language. Dkt. 59 at 5-6. Nonetheless, Plaintiff has filed a document calling members of the Department of Corrections "Sex Freeks [sic]," a "Dope Fiend," a "Horn Dog," as well as Nazis and member of the KKK. Dkt. 75 at 1-3. Because of this offensive language, and because the Court has already put Plaintiff on notice, the Court uses its authority to strike items from its docket as a sanction and grants Defendants Motion to Strike. Dkt. 77. Plaintiff's Legal Face Sheet is stricken. Plaintiff may include information contained in the Legal Face Sheet relevant to his Amended Motion in his supplement on or before January 5, 2017. However, if Plaintiff includes any offensive language, name-calling, or personal attacks in any future filings, the Court will exercise its authority to strike them as a sanction.

## CONCLUSION

For the reasons noted above, Plaintiff's Motion to Amend (Dkt. 51) and Motion for Leave (Dkt. 52) are granted. The Clerk is directed to combine Plaintiff's Motion for Injunctive Relief (Dkt. 48) and Motion to Amend (Dkt. 51) and place it on the docket as Plaintiff's Amended Motion for Preliminary Injunction.

The Clerk is further directed to note the Amended Motion for February 2, 2018. Plaintiff has leave to file a supplement to his Amended Motion on or before January 5, 2018. Defendants may file a Supplemental Answer to the Amended Motion and any supplement filed by the Plaintiff on or before January 29, 2018.

Plaintiff's Motion to File Excess Pages (Dkt. 62) is granted. Plaintiff may file a reply brief no more than six pages beyond the standard 12 page requirement.

Plaintiff's Motion to Consider His Declaration (Dkt. 66) is denied as to it being considered "at the preliminary injunction hearing" but is granted in part as the Court will consider the declaration when considering the Amended Motion for Preliminary Injunction.

Finally, Defendants' Motion to Strike (Dkt. 77) is granted. The Clerk is directed to strike Plaintiff's Legal Face Sheet (Dkt. 75) from the docket. The Clerk is further instructed to watermark each page of Plaintiff's Legal Face Sheet (Dkt. 75) as "stricken." The Clerk is finally directed to place Plaintiff's Legal Face Sheet (Dkt. 75) under seal.

Dated this 21st day of December, 2017.

David W. Christel
United States Magistrate Judge