

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

STEVEN DARBY MCDONALD,

11                              Plaintiff,

12              v.

13    KENNETH LAUREN, et al.,

14                              Defendant.

CASE NO. 3:17-cv-05013-RBL-DWC

ORDER TO SHOW CAUSE

15

16        Before the Court are four of Plaintiff's Motions Related to Discovery,[1] one Motion

17    Related to Discovery filed by Defendants,[2] as well as four Motions Unrelated to Discovery.[3] On

18    January 24, 2017, Plaintiff filed a Notice of Appeal, appealing this Court's Report and

19    Recommendation and the Honorable Ronald B. Leighton's Order Denying Plaintiff's Motion to

20    Vacate General Order 09-16. *See* Dkts. 91, 101, 105, 120, 123, 124. General Order 09-16 altered

21

22        [1] Motion to Compel Discovery Documents (Dkt. 80); Motion to Extend Mandatory Pretrial Discovery and
Scheduling Order Deadlines (Dkt. 85); Objection to Being Deposed (Dkt. 92); and Motion to Compel Specific
Documents (Dkt. 93).

23        [2] Motion for Extension of Time to Complete Discovery (Dkt. 88).
        [3] Amended Motion for Preliminary Injunction (Dkt. 99); Motion to Issue a Show Cause Order to the
Attorney General's Office for Interfering in Plaintiff's Approved Transfer (Dkt. 107); Rule 72(a) Objection to the

24    Order Striking Plaintiff's Legal Face Sheet (Dkt. 108); and Motion to Transfer Case to Portland (Dkt. 129).

1 the discovery procedure in prisoner civil rights cases. *See* General Order 09-16. It was in effect

2 from December of 2016 to December of 2017 and the Court, because it ordered discovery during

3 that period, filed a Pretrial Scheduling Order as dictated by the General Order, still binding on

4 discovery in this case. *See* Dkt. 35. Plaintiff's appeal challenges the General Order and this

5 Court's Pretrial Scheduling Order, claiming they are contradictory to federal rules and therefore

6 should be vacated. *See* Dkt. 123.

7       While the filing of an interlocutory appeal does not automatically stay proceedings in the

8 district court, the district court has broad discretion to decide whether a stay is appropriate to

9 "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v.*

10 *Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted). "A trial court

11 may, with propriety, find it is efficient for its own docket and the fairest course for the parties to

12 enter a stay of an action before it, pending resolution of independent proceedings which bear

13 upon the case." *Mediterranean Enterprises, Inc. v Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th

14 Cir. 1983); *Leyva v. Cetrtified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979);

15 *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F Supp. 2d 1081, 1094 (E.D. Cal. 2008);

16 *Jenkins v. Vail*, 2009 WL 3415902 at *1 (E.D. Wash. Oct. 21, 2009) (staying motion for

17 summary judgment pending Court of Appeals ruling on order denying temporary restraining

18 order).

19       Here, the subject of Plaintiff's appeal is the propriety of General Order 09-16, which has

20 a direct bearing on the scheduling order issued in this case and, therefore, the arguments raised in

21 the Motions Related to Discovery (Dkts. 80, 85, 88, 92, 93). Because the Ninth Circuit's ruling

22 on the interlocutory appeal could impact the Court's disposition of five of the nine pending

23 motions, waiting until the issues on appeal are decided will avoid unnecessary litigation and

24

1  provide direction to the Court. *See Jenkins*, 2009 WL 3415902 at *1. Thus, a stay of this matter

2  pending the Ninth Circuit's decision on appeal would serve the interests of fairness and "promote

3  economy of time and effort" for the Court and the parties. *Kelleher*, 467 F.2d at 244.

4      Accordingly, the parties are directed to show cause on or before February 23, 2018, why

5  this matter should not be stayed, pending the outcome of Plaintiff's appeal of the Court's Report

6  and Recommendation (Dkt. 101) and the District Court's Order Denying Plaintiff's Motion to

7  Vacate General Order 09-16 (Dkt. 120).

8      The Clerk is directed to re-note all outstanding motions with noting dates earlier than that

9  (Dkts. 80, 85, 88, 92, 93, 99, 107, 108) to February 23, 2018. Plaintiff's Motion to Transfer Case

10 (Dkt. 129) should remain noted for consideration on February 23, 2018.

11     Dated this 1st day of February, 2018.

12

13

   David W. Christel
14 United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24