UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

    Plaintiff,

v.

KENNETH B. LAUREN, et al.,

    Defendant.

CASE NO. 3:17-cv-05013-RBL-DWC

ORDER ON MISCELLANEOUS MOTIONS

Plaintiff Steven Darby McDonald, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. In an order dated November 27, 2018, the Honorable Ronald B. Leighton vacated the Court's Order Granting Plaintiff's Motion to Stay (Dkt. 189) and denied Plaintiff's Motion to Stay (Dkt. 169). Dkt. 197.[1] As such, now pending before the Court are: Plaintiff's Motion for Appointment of Counsel ("Motion for Counsel") (Dkt. 174); Plaintiff's Motion for Contempt and Sanctions for Suppression of Discovery Documents

---

[1] The Court notes Plaintiff has now filed a another notice of appeal, stating he is appealing Judge Leighton's decision and is now requesting the Ninth Circuit reimpose the stay. Dkt. 198.

("Motion for Contempt") (Dkt. 175); Defendants' Motion for Summary Judgment (Dkt. 177); and Plaintiff's Motion for Extension (Dkt. 188). In Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff has also requested the Court consider whether to appoint Plaintiff a guardian ad litem. Dkt. 190, p. 7.

**DISCUSSION**

### I. Motion for Counsel

Plaintiff has filed a Motion for Counsel requesting the Court appoint him an attorney. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff requests counsel "because of his pronounced physical and psychological abnormalities, with [their] resulting complications from his terminal decompensated cirrhosis and stage-4 necrosis, which has impaired his ability to function normally, correlate facts[,] and

present his legal issues." Dkt. 174, p. 1. He states the Court has been "deliberately mislead [sic]" by Defendants because Defendants lied about his current, worsening condition. *Id*. at p. 2. Plaintiff also states he has contacted several other law firms but has "not had any success yet." *Id*. at p. 6. Plaintiff finally states that "[b]ecause of [his] physical abnormalities and their resulting complications which cause instability and loss of mental acuity, the Plaintiff is unable to litigate his case by himself and requests the appointment of counsel." *Id*. at p. 7.

Here, the Court finds Plaintiff has not yet shown the exceptional circumstances necessary to warrant the appointment of counsel. Plaintiff has an extensive history of litigation indicating a relative familiarity with the local and federal rules. In addition, he has shown his ability to file his own motions and adequately articulate the basis for those motions. In fact, on December 18, 2018, Plaintiff even filed notice of a new appeal with the Ninth Circuit. *See* Dkt. 198. The Court appreciates Plaintiff's statement that his illness is making it more difficult to litigate his case. However, this alone does not indicate he is no longer capable of litigating his case on his own, and his persistent filings indicate to the contrary. Further, the Court has not yet made a determination on Defendants' Motion for Summary Judgment. As such, the Court finds Plaintiff has not yet shown a likelihood of success on the merits.

Finally, Plaintiff cites to *Gallagher v. Dep't of Corrections*, 2017 U.S. Dist. LEXIS 108219 (2017), in support of his assertion that his condition is sufficient to require the appointment of counsel. However, in that Order Appointing Counsel, the Honorable Theresa L. Fricke found that, because a prisoner plaintiff had "only a high school education," and because she had determined one of the prisoner's claims should survive a motion for summary judgment and proceed to trial, the complexities of trial preparations coupled with the prisoner's lack of education generated the exceptional circumstances warranting appointment of counsel. Here, as

noted above, the Court has not yet determined which of Plaintiff's claims, if any, should proceed past summary judgment and Plaintiff has not yet shown he is likely to succeed on the merits. Therefore, Plaintiff has not yet shown the exceptional circumstances necessary to warrant appointment of counsel at this time. Accordingly, Plaintiff's Motion for Counsel is denied. Dkt. 174.

## II. Motion for Contempt

Plaintiff has filed a Motion for Contempt. He argues Defendants have not adhered to the Court's Pretrial Scheduling Order because they have failed to "continually disclose . . . any documents and information within the scope of [the Pretrial Scheduling Order] which are discoverable or <u>obtained after any initial disclosures under this Order are made</u>." Dkt. 175, p. 1 (citing Dkt. 35, p. 3) (emphasis in original). Plaintiff requests Defendants be "held accountable and sanctioned" for withholding a series of documents, and they should also be required to provide information about what other documents they have failed to provide. Dkt. 175.

Defendants argue Plaintiff's Motion for Contempt is more akin to a Motion to Compel. Under Federal Rule of Civil Procedure 37, a party may move to compel the opposing party to respond to discovery. However, here, the revised deadline for filing motions to compel discovery in this case was September 13, 2018. Dkt. 155, p. 3. Plaintiff filed his Motion for Contempt on September 25, 2018. Dkt. 175. As such, insofar as this Motion for Contempt seeks to compel production of discovery, Plaintiff's Motion for Contempt is untimely and is denied on that basis.

Plaintiff's Motion for Contempt also asks the Court to hold Defendants in contempt of court and sanction them. "A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir.1984). Civil contempt consists of a party's disobedience to "a specific and

definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir.2006). The disobeyed order that serves as the basis for a finding of civil contempt must be clear in its commands. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir.1989) (stating that court order must be "specific and definite"). To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir.1997).

Plaintiff argues Defendants should be held in contempt because they failed to make continual disclosures regarding discoverable material as required by the Court's Pretrial Scheduling Order. Dkt. 175. He has included a list of the documents Defendants allegedly withheld, and has also included copies of the documents themselves as attachments to his Motion for Contempt. *Id*. Defendants argue, first, they should not be held in contempt because the documents they allegedly withheld were available to Plaintiff through the Department of Correction's portal allowing prisoners to access their medical information. Dkt. 185, p. 3. Second, Defendants argue they didn't violate the Court's Pretrial Scheduling Order because Plaintiff never contacted Defendants indicating he required those documents and, when Defendants learned Plaintiff desired such documents, they provided supplemental discovery. *Id*. at pp. 4-5.

Here, the Court finds Plaintiff has not shown Defendants violated a specific and definite order by clear and convincing evidence. Both Parties had an obligation under the Pretrial Scheduling Order to continually produce relevant discovery in their possession. However,

Plaintiff has included nothing except the existence of these documents and his own allegations to indicate Defendants willfully failed to produce relevant discovery in their possession. Further, Plaintiff had access to the alleged documents as indicated by the fact that Plaintiff produced copies of them with his Motion for Contempt. In addition, Defendants provided supplemental discovery after learning Plaintiff desired these documents. Therefore, the Court finds Plaintiff has not produced clear and convincing evidence Defendants violated an Order of the Court. Accordingly, Plaintiff's Motion for Contempt is denied.

### III. Motion for Summary Judgment and Motion for Extension

Defendants filed a Motion for Summary Judgement on October 3, 2018. Dkt. 177. Plaintiff then filed a Motion for Extension, requesting additional time to respond to the Motion for Summary Judgment. Dkt. 188. However, Plaintiff has now filed a Response to the Motion for Summary Judgment. Dkt. 190. As such, Plaintiff's Motion for Extension (Dkt. 190) is denied as moot.

Before Plaintiff filed his Response and before Defendants were able to file a Reply, the Court stayed this case. Thus, in order to give Defendants an opportunity to file a Reply, the Court renotes Defendants' Motion for Summary Judgment to January 4, 2019.

### IV. Request for Guardian Ad Litem

In Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff asks the Court "to consider appointing a Guardian Ad Litem to assist him in properly responding to the AAG's Motion for Summary Judgment under Fed. R. Civ. P. 17(c)." Dkt. 190, p. 7. Federal Rule of Civil Procedure 17(c) states, in relevant part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Because Defendants have not yet had an opportunity to file a Reply in support of their Motion for Summary Judgment, they have not yet had an opportunity to address whether a guardian ad litem is appropriate here. Therefore, the Court defers making a determination as to whether Plaintiff requires a guardian ad litem until after Defendants have had an opportunity to address that request.

**V.     Conclusion and Instructions to Clerk**

1. Plaintiff's Motion for Counsel (Dkt. 174) is denied without prejudice. Plaintiff may again request counsel if he is able to show the exceptional circumstances necessary to warrant the appointment of counsel.

2. Plaintiff's Motion for Contempt (Dkt. 175) is denied.

3. Plaintiff's Motion for Extension (Dkt. 190) is denied as moot.

4. The Clerk is directed to renote Defendants' Motion for Summary Judgment (Dkt. 177) to January 4, 2019. Defendants may file a Reply in support of their Motion for Summary Judgment on or before that date.

Dated this 21st day of December, 2018.

David W. Christel
United States Magistrate Judge