UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

Plaintiff,

v.

KENNETH B. LAUREN, et al.,

Defendants.

CASE NO. 3:17-cv-05013-RBL-DWC

ORDER VACATING ORDER IN PART AND DENYING MOTION TO SUBSTITUTE

The District Court has referred this action to United States Magistrate Judge David W. Christel. On February 13, 2018, Defendants filed a Statement Noting the Death of Defendant Kenneth Lauren. Dkt. 135. On February 16, 2018, Plaintiff filed a Motion to Substitute New Defendant ("Motion to Substitute"), requesting the Washington State Department of Corrections ("DOC") be substituted for Defendant Lauren. Dkt. 138. On February 26, 2018, after receiving responses to an Order directing the parties to show cause why a stay should not be entered in the case pursuant to an appeal to the Ninth Circuit Court of Appeals filed by Plaintiff (Dkts. 130, 134, 137), the Court stayed this case pending Plaintiff's appeal to the Ninth Circuit Court of Appeals, and terminated all pending motions. Dkt. 140. On July 5, 2018, the Court entered an

Order Lifting the Stay ("Order"), lifting the stay on this case and denying several pending motions as moot, including the Motion to Substitute. Dkt. 155.

Having reviewed the record and subsequent pleadings, the Court determines the Motion to Substitute should not have been denied as moot. Therefore, the Court's Order (Dkt. 155) is vacated-in-part as follows:

- The portion of the Order denying the Motion to Substitute as moot is vacated.
- All remaining portions of the Order remain in full force and effect.

The Court has now reconsidered the Motion to Substitute on the merits and the Motion to Substitute (Dkt. 138) is denied.

## I. Substitution of DOC for Defendant Lauren in His Individual Capacity

Plaintiff moves the Court to substitute the DOC for Defendant Kenneth Lauren. Dkt. 138. First, the Court must consider whether the DOC should be substituted for Defendant Lauren in his individual capacity. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative . . . within 90 days after service of a statement noting the death." *Id*. Thus, when making a determination as to whether a motion to substitute should be granted, the Court considers whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party. *See id*.

### A. Timeliness

The Motion to Substitute was timely filed. Defendants filed the notice of Defendant Lauren's death on February 13, 2018. Dkt. 135. Less than a week later, on February 16, 2018, Plaintiff filed the Motion to Substitute. Plaintiff filed the Motion to Substitute within the 90 day timeframe prescribed by Rule 25(a)(1). Therefore, the Motion to Substitute was timely filed.

B. <u>Extinguishment of Claims</u>

Plaintiff has failed to show the claims against Defendant Lauren have not been extinguished. "[A] section 1983 claim that accrued before death survives the decedent when state law authorizes a survival action . . . ." *Smith v. City of Fontana*, 818 F.2d 1411, 1416 (9th Cir. 1987). Washington law provides:

> All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, . . . : Provided, however, that the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020.

RCW 4.20.046(1).In Washington, when a party to a lawsuit dies, the cause of action survives, but the action must be continued by or against the deceased party's representatives or successor in interest. *Stella Sales, Inc. v. Johnson*, 97 Wash. App. 11, 18 (1999). Plaintiff has not provided evidence to show he has continued his claim against Defendant Lauren's "representatives or successor in interest" as required by the law in the State of Washington. Accordingly, Plaintiff has failed to show his claims against Defendant Lauren in his individual capacity have not been extinguished. Fed. R. Civ. P 25(a)(1).

C. <u>Proper Party to Substitute – Individual Capacity</u>

The proper party to be substituted for a party who has died is "the person who has the legal right and authority to [. . .] defend against the claims brought against the deceased party." *Totten v. Blair Excavators, Inc.*, 2006 WL 3391439, at *1 (N.D. Cal. Nov. 22, 2006) (quoting James William Moore, *6 Moore's Federal Practice* §25 (Matthew Bender 3d ed. 2006)). The movant must provide evidence that the party to be substituted is the successor in interest or legal representative of the decedent. *See Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (applying Rule 25(a)(1) to legal representatives of the deceased defendant's estate); *Barlow v.*

*Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (explaining the application of Rule 25(a)(1) as it applies to a nonparty successors or representatives of a deceased party).

Here, Plaintiff has requested the DOC be substituted as a Defendant in place of Defendant Lauren, the deceased Defendant. Dkt. 138. However, Plaintiff has not shown the DOC is Defendant Lauren's successor in interest or legal representative as provided under the law in the State of Washington.

In summary, the Motion to Substitute is timely, but fails to show the claims against Defendant Lauren have not been extinguished and also fails to show the DOC is the proper party for claims against Defendant Lauren in his individual capacity.

**II.     Substitution of DOC for Defendant Lauren in His Official Capacity**

Second, the Court also considers whether the DOC should be substituted for Defendant Lauren in his official capacity. Defendant Lauren is sued in his official capacity as the Medical Director of the Monroe Correctional Complex. *See* Dkt. 4, p. 5. Rule 25(d) provides: "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Here, Plaintiff has requested the DOC be substituted for Defendant Lauren. The DOC, as a state agency, is not Defendant Lauren's successor. Rather, Defendant Lauren's successor would be the current Medical Director at the Monroe Correctional Complex. As such, the DOC is not the proper party to substitute for any claims against Defendant Lauren in his official capacity.

Nonetheless, Rule 25(d) provides that an "officer's successor is automatically substituted as a party" when a defendant sued in his official capacity has died. Thus, it is appropriate to substitute the Medical Director of Monroe Correctional Complex in place of Defendant Lauren,

in his official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985). Therefore, the Court will substitute the Medical Director of Monroe Correctional Complex for any official capacity claims Plaintiff has alleged against Defendant Lauren.

**III. Conclusion**

1) The Court's Order (Dkt. 155) is vacated-in-part as follows:
   a. The portion of the Order denying the Motion to Substitute (Dkt. 138) as moot is vacated.
   b. All remaining portions of the Order remain in full force and effect.
2) Plaintiff's Motion to Substitute (Dkt. 138) is denied.
3) Plaintiff may file a subsequent motion to substitute, seeking to have a proper party substituted for Defendant Lauren in his individual capacity on or before March 12, 2019.
4) Defendants are directed to provide the Court the name of the Medical Director of Monroe Correctional Complex on or before March 12, 2019.

Dated this 19th day of February, 2019.

David W. Christel
United States Magistrate Judge