1
2
3
4
5
6
7
8      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
9                AT TACOMA

10  STEVEN DARBY MCDONALD,
                                          CASE NO. 3:17-cv-05013-RBL-DWC
11              Plaintiff,
                                          ORDER
12       v.

13  KENNETH B. LAUREN, et al.,

14              Defendants.

15       Plaintiff Steven Darby McDonald, proceeding *pro se* and *in forma pauperis*, filed this

16  civil rights action under 42 U.S.C. § 1983. Currently pending before the Court are Plaintiff's

17  request that a medical expert be appointed, Renewed Motion for Counsel, request that a guardian

18  ad litem be appointed, request under Federal Rule of Civil Procedure 56(d), and request to file a

19  surreply. Dkt. 99, 190, 196, 201, 208.

20       After consideration of the relevant record, the request that a medical expert be appointed

21  (Dkt. 99) is denied, the Renewed Motion for Counsel (Dkt. 201) is denied, the request that a

22  guardian ad litem be appointed (Dkt. 190, 201) is denied, the request for a continuance under

23

24

Federal Rule of Civil Procedure 56(d) (Dkt. 190, 196) is denied, and the request to file a surreply (Dkt. 208) is denied.

**I.      Medical Expert (Dkt. 99)**

In the Motion for Preliminary Injunction, Plaintiff requested the Court appoint a medical expert under Federal Rule of Evidence 706 to review Plaintiff's prior liver evaluations and recommend appropriate treatment. Dkt. 99, pp. 22-23. Rule 706 permits the appointment of an expert to aid the Court; however, it does not authorize the district court to provide a plaintiff with funds for an expert or to appoint such a witness on a plaintiff's behalf. *Warren v. Dep't. of Corrections*, 2011 WL 308615, at * 1 (W.D. Wash. Jan. 26, 2011); *Gamez v. Gonzalez*, 2010 WL 2228427, at * 1 (E.D. Cal. June 3, 2010) (internal quotations and citations omitted) ("[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties"). Rather, "[a]ppointment [of expert witnesses] may be appropriate when 'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue....'" *Gamez*, 2010 WL 2228427, at *1 (quoting *Levi v. Director of Corrections*, 2006 WL 845733 (E.D. Cal. March 31, 2006)).

Here, Plaintiff has not shown a medical expert is necessary to aid the Court. *See* Dkt. 99. Instead, Plaintiff requests the Court appoint Dr. Bohlman, a doctor who previously authored an opinion regarding Plaintiff's medical care, so that Dr. Bohlman can update his opinion to show Plaintiff has new degenerative changes. *Id*. at pp. 22-23. Plaintiff is essentially requesting the Court appoint a medical expert to serve as Plaintiff's advocate in this action. As Rule 706 does not contemplate Court appointment of an expert to aid a party, Plaintiff's request for the appointment of a medical expert (Dkt. 99) is denied. *See Warren*, 2011 WL 308615, at * 2.

## II. Renewed Motion for Counsel (Dkt. 201)

Plaintiff has filed a Renewed Motion for Counsel requesting the Court appoint him an attorney. Dkt. 201. Plaintiff states the Renewed Motion for Counsel is an objection to the undersigned's previous Orders denying Plaintiff Court-appointed counsel. *See* Dkt. 201, p. 1. However, as Plaintiff has submitted additional evidence to be considered regarding his request for counsel, the Court interprets Plaintiff's Renewed Motion for Counsel as a Motion for Reconsideration.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Plaintiff provided declarations from two inmates who testify that fellow inmates are assisting Plaintiff in litigating this case. Dkt. 202, 203. Plaintiff also provided additional evidence regarding his medical conditions. Dkt. 201.

While Plaintiff has provided new evidence, he fails to show this evidence could not have been presented earlier with reasonable diligence. Regardless, the new evidence fails to meet the standard for Court-appointed counsel. This case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff fails to show a manifest error in the Court's prior ruling or new facts or legal authority which could not have been presented earlier. Therefore, Plaintiff has not met the

standard outlined in Local Civil Rule 7(h). He has also failed to show Court-appointed counsel is warranted at this time. Accordingly, the Renewed Motion for Counsel (Dkt. 201) is denied.

### III.      Request for Guardian ad Litem (Dkt. 190, 201)

In his Response to Defendants' Motion for Summary Judgment and in the Renewed Motion for Counsel, Plaintiff requests the Court appoint a guardian ad litem to assist him in responding to Defendants' Motion for Summary Judgment. *See* Dkt. 190, 201.

Federal Rule of Civil Procedure 17(c) states, in relevant part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

"The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit. Once the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under Rule 17(c)." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (internal citations omitted).

Here, Plaintiff states he suffers from confusion and has to have help with his Court filings. *See* Dkt. 190, pp. 6-8. Plaintiff, however, does not provide evidence that he is incompetent. *See* Dkt. 190, pp. 6-8. Rather, Plaintiff's medical records show Plaintiff has occasionally complained of confusion and memory difficulties and has a history of depressive disorder, attention deficit/hyperactivity disorder, and unspecified personality disorder. *See* Dkt. 207. Medical records also show that, during a mental health assessment, Plaintiff did not present as confused or disorganized in his thoughts. *Id.* at p. 69. As Plaintiff has not provided substantial evidence showing he is incompetent, his request for the appointment of a guardian ad litem (Dkt. 190, 201) is denied. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (finding a pro se civil litigant is "entitled to a competency determination when substantial evidence of

incompetence is presented"); *Justice v. Rockwell Collins, Inc.*, 720 F. App'x 365, 367 (9th Cir. 2017) (finding the district court was not obligated to appoint a guardian ad litem before dismissing a civil action because there was insufficient evidence of mental incompetence).

### IV.     Rule 56(d) Request (Dkt. 190, 196)

Plaintiff filed a Response (Dkt. 190) and Objection (Dkt. 196) to Defendants' Motion for Summary Judgment. In these two filings, Plaintiff requests Defendants' Motion for Summary Judgment be continued under Federal Rule of Civil Procedure 56(d) to allow Plaintiff additional time to obtain discovery. *See* Dkt. 190, 196. Defendants assert Plaintiff has failed to carry his burden under Rule 56(d) because he has not shown the requested records are relevant or create a genuine issue of material fact. Dkt. 204.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir.

1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a

matter of course unless the non-moving party has not diligently pursued discovery of the

evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck

Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations

omitted).

Here, Plaintiff has had ample opportunity to discover information essential to his

opposition of Defendants' Motion for Summary Judgment. The discovery period was initially

open from August 8, 2017 through December 17, 2017. Dkt. 35. The case was stayed on

February 26, 2018. Dkt. 140. On July 5, 2018, the Court lifted the stay and allowed discovery to

be completed by September 3, 2018. Dkt. 155. The Court directed motions to compel to be filed

on or before September 13, 2018. *Id*. On October 3, 2018, Defendants filed the Motion for

Summary Judgment. Dkt. 177. Plaintiff filed his Response to Defendants' Motion for Summary

Judgment on October 20, 2018, wherein he referenced difficulties obtaining certain documents.

Dkt. 190. On November 20, 2018, Plaintiff filed the Objection as his "formal" request for a

continuance under Rule 56(d). Dkt. 196.

Following the Court's Order extending the discovery deadline, Plaintiff did not request

additional time to complete discovery or file a motion to compel. *See generally* Docket.[1] Rather,

Plaintiff waited until after discovery closed, the deadline to file a motion compel expired, and the

Motion for Summary Judgment was filed to move for a continuance to obtain additional

discovery. Furthermore, Plaintiff did not make his "formal" request for a continuance pursuant to

Rule 56(d), with a supporting declaration, until November 20, 2018, forty-eight days after

---

[1] On September 25, 2018, Plaintiff filed a motion requesting sanctions. Dkt. 175. The Court denied the
motion and noted that, if Plaintiff was attempting to compel discovery, any such request was denied as untimely. *See*
Dkt. 199.

Defendants filed the Motion for Summary Judgment. *See* Dkt. 196. On these facts, Plaintiff's

failure to timely move for an extension to complete discovery or seek to compel discovery does

not justify deferring consideration of Defendants' Motion for Summary Judgment.

Plaintiff has also not adequately shown how the now-sought discovery is necessary to

defend the Motion for Summary Judgment. Instead, Plaintiff provides lists of documents he

seeks and, in a conclusory manner, states the documents are necessary to oppose Defendants'

Motion for Summary Judgment. The Court finds this is not sufficient to reopen discovery and

defer consideration of Defendants' Motion for Summary Judgment.

For the above stated reasons, Plaintiff's request for a continuance under Rule 56(d) (Dkt.

190, 196) is denied.

## V. Motion to File Surreply (Dkt. 208)

On January 8, 2019, Plaintiff filed a Request to File Surreply to Counsel's False Claims

("Motion to File Surreply"), requesting permission to file a surreply regarding Defendants'

Motion for Summary Judgment. Dkt. 208. Specifically, Plaintiff reasserts his need for additional

discovery and seeks to rebut claims asserted by Defendants in Defendants' Motion for Summary

Judgment and Reply. *See id*. Pursuant to Local Rule CR 7(g)(2), surreplies are limited to requests

to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply

filed for any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015

WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). As Plaintiff does not request to strike material

contained in Defendants' Reply and as surreplies are not considered by this Court, the Motion to

File Surreply (Dkt. 208) is denied.

## VI.     Conclusion

For the above stated reasons, the request that a medical expert be appointed (Dkt. 99) is denied, the Renewed Motion for Counsel (Dkt. 201) is denied, the request that a guardian ad litem be appointed (Dkt. 190, 201) is denied, the request for a continuance under Federal Rule of Civil Procedure 56(d) (Dkt. 190, 196) is denied, and the Motion to File Surreply (Dkt. 208) is denied.

As the Court has provided Plaintiff with an opportunity to file a motion to substitute (Dkt. 220), the Court directs the Clerk to re-note Defendants' Motion for Summary Judgment (Dkt. 177) for April 5, 2019. The Court, however, will not consider any additional briefing or evidence filed in relation to the Motion for Summary Judgment.

Dated this 22nd day of February, 2019.

David W. Christel
United States Magistrate Judge