UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

             Plaintiff,

   v.

KENNETH B LAUREN, et al.,

             Defendants.

CASE NO. 3:17-CV-05013-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: March 15, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is Plaintiff Steven Darby McDonald's "Request for Preliminary Injunction to Compel Diagnostic Testing (ERCP) and Resumption of Pain Management." Dkt. 99. After considering the record, the Court recommends Plaintiff's Motion (Dkt. 99) be denied.[1]

**I.    Background**

In the Complaint, Plaintiff alleges Defendants, employees of the Department of Corrections ("DOC"), have acted with deliberate indifference to Plaintiff's serious medical needs

---

[1] Plaintiff's Motion also contains requests for the appointment of a medical expert and the appointment of counsel, which have been addressed in separately filed Orders.

REPORT AND RECOMMENDATION - 1

in violation of his Eighth Amendment constitutional rights. Dkt. 4. Plaintiff also contends Defendants have denied him medical care in retaliation for placing information related to DOC employees on a website. *Id*. In his Motion, Plaintiff requests the Court order Defendants to provide Plaintiff with diagnostic testing of his fluctuating biliary architecture and resume Plaintiff's pain management. Dkt. 99.

On July 5, 2018, after lifting a stay in this case, the undersigned recommended the Motion be denied as moot and, on July 23, 2018, the Honorable Ronald B. Leighton adopted the Report and Recommendation. Dkt. 156, 160. Plaintiff appealed Judge Lieghton's Order. Dkt. 161. On December 21, 2018, the Ninth Circuit Court of Appeals remanded Plaintiff's Motion for further proceedings, stating the Court "should consider in the first instance the merits of [Plaintiff's] motion for a preliminary injunction." Dkt. 200, p. 2. On January 24, 2019, Judge Leighton re-referred Plaintiff's Motion to the undersigned. Dkt. 212.

On remand, the Ninth Circuit stated the district court "can consider supplemental filings from [Plaintiff] regarding his requests for injunctive relief. Dkt. 200, p. 2. The Court has reviewed the relevant record and has determined supplemental briefing is not necessary. Accordingly, Plaintiff's request to file supplemental briefing in support of the Motion (Dkt. 214) is denied.

**II.    Discussion**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

First, Plaintiff has not shown a likelihood of success on the merits. Plaintiff contends Defendants have acted with deliberate indifference to his serious medical needs and requests the Court order Defendants to (1) provide diagnostic testing in the form of an endoscopic retrograde cholangio-pancreatography ("ERCP") and (2) resume pain management treatment. Dkt. 99.

In order to establish a violation of the Eighth Amendment, a prisoner must show prison officials were deliberately indifferent to health or safety by subjecting the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is shown when prison officials consciously disregard an excessive risk of harm to an inmate's health or safety. *Id*. at 838–40. It is "obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."

*Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The plaintiff must show a chosen course of treatment was medically unacceptable under the circumstances, and must show the course of treatment was chosen in conscious disregard of an excessive risk to the plaintiff's health. *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996).

Here, the record contends hundreds of pages of medical records indicating Plaintiff has been treated for his medical conditions. *See e.g.* Dkt. 99, 190, 215. Plaintiff, however, has not shown the treatment he has received is medically unacceptable. Specifically, medical records show the requested ERCP is merely a treatment option for Plaintiff, and is not medically necessary. *See* Dkt. 99, pp. 31-32, 58. In a 2011 medical opinion, Dr. Theodore W. Bohlman, M.D., opined that he "would consider ERCP if [Plaintiff] continues to show evidence of Common Bile Duct Dilation[.]" *Id*. at 32. On March 31, 2016, Dr. Diego Lopez de Castilla, M.D. determined the DOC medical staff should continue to observe Plaintiff's symptoms, rather than refer Plaintiff for an ERCP. *Id*. at p. 58. An August 23, 2018 grievance response shows Plaintiff's most recent ultrasound showed Plaintiff's biliary duct dilation was within a normal range and an ERCP was "not medically necessary or indicated" at that time. Dkt. 214-1, p. 10; *see also* Dkt. 190-1, pp. 19, 21, 35; *see also* Dkt. 58, Kroha Dec., ¶¶ 13-14; Dkt. 99, p. 55. Based on the record, Plaintiff has not shown the failure to conduct an ERCP is medically unacceptable in this case.

Furthermore, Plaintiff submitted medical records showing he has been prescribed different types of pain medication beginning in 2006. *See* Dkt. 190-3, pp. 29, 40-44; Dkt. 99, p. 47. Evidence shows Plaintiff complains of adverse side effects to pain medications, declining all pain medication except narcotic pain medication. *See* Dkt. 190-3, pp. 14, 25, 37-38; Dkt. 58, Kroha Dec., ¶ 11. Defendant Edith Kroha, an advanced registered nurse practitioner, testified

Plaintiff does not appear to be in extreme pain and Defendant Kroha has not seen objective signs indicating chronic narcotics are necessary. Dkt. 58, Kroha Dec., ¶ 11. Defendant Kroha stated opioid medication would not typically be used to treat Plaintiff's conditions. *Id*. The DOC Care Review Committee also determined chronic narcotic pain medication was not medically necessary for Plaintiff. *See id*. at p. 30. In a medical record dated July 3, 2018, Phu Ngo, a physician's assistant, noted he explained to Plaintiff that his high opioid risk was escalated "based on personal history of [a]lcohol, drug, and prescription drug problem as reported in the Offender Needs Assessment." Dkt. 190-2, p. 12. Furthermore, Dr. Bohlman opined that "one must be cautious in management of [Plaintiff's] pain as potent narcotics may contribute to hepatic encephalopathy as an undesirable side effect." Dkt. 99, p. 31. As such, Plaintiff has not shown he has received medically unacceptable treatment for his pain.

The Court also notes Plaintiff has submitted medical records showing DOC medical providers prescribed Plaintiff oxycodone, a narcotic pain medication, beginning on October 16, 2018 for acute pain. Dkt. 215-1, p. 21. Evidence shows Plaintiff received an oxycodone prescription as recently as December 24, 2018. *Id*. at p. 14. As Plaintiff has submitted evidence showing he is being provided with pain management treatment, the Court finds Plaintiff's request that the Court order Defendants to resume pain management is moot. *See Friends of The Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978) ("Where the activities sought to be enjoined have already occurred, . . . the action is moot."); *Shabazz v. Giurbino*, 2017 WL 2671082, *12 (E.D. Cal. June 21, 2017) (finding injunctive relief moot where, under the current prison regulations, the plaintiff had received a satisfactory form of the relief he requested).

Based on the above evidence, Plaintiff has shown he is receiving treatment for his medical conditions. He disagrees with the treatment and requests specific diagnostic testing and

specific pain management treatment. However, this is insufficient to show Defendants have acted with deliberate indifference to Plaintiff's serious medical needs regarding Plaintiff's request for ERCP testing and the resumption of pain management. Therefore, Plaintiff fails to meet the first prong of the preliminary injunction standard. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (mere differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim); *Witherspoon v. Warner*, 2013 WL 3733495, at * 3 (E.D. Wash. July 15, 2013) (finding the plaintiff failed to show he was likely to succeed on the merits where the record showed the plaintiff had been receiving treatment, medical professionals found surgery was not medically necessary, and opioid medication had been denied as not medically necessary because of the plaintiff's high risk of opioid dependence).

Second, Plaintiff has not shown he will suffer irreparable harm if a temporary injunction is not issued. To obtain injunctive relief, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (internal citation and other cited sources omitted; emphasis in original).

1        Here, Plaintiff presents no medical evidence showing extreme or serious damage will

2 result if he is not provided with an ECRP or different pain management treatment. *See* Dkt. 58,

3 Kroha Dec., ¶¶ 13-14; Dkt. 99, p. 55; Dkt. 190-1, pp. 19, 21, 35; Dkt. 190-3, p. 31; Dkt. 214-1,

4 p. 10. For example, he has not shown the requested relief is medically necessary. Therefore,

5 Plaintiff fails to demonstrate an immediate threatened injury sufficient meet the second prong of

6 the preliminary injunction standard. *See Witherspoon*, 2013 WL 3733495 at *3.

7        As Plaintiff has not shown he is likely to succeed on the merits or will suffer irreparable

8 harm if the Court declines to order Defendants to provide Plaintiff with an ERCP and resume

9 pain management treatment, he has not shown a preliminary injunction is warranted at this time.

10 *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (finding the court need not

11 address the remaining elements of the preliminary injunction standard after determining the

12 plaintiff had not shown he was likely to suffer irreparable harm in the absence of preliminary

13 relief).

14     **III.   Conclusion**

15        As Plaintiff failed to show he is likely to succeed on the merits or suffer irreparable harm,

16 he has not shown he is entitled to preliminary injunctive relief. Accordingly, the Court

17 recommends the Motion (Dkt. 99) be denied without prejudice.

18        The Court has considered the current record and finds it is sufficient to rule on the

19 Motion. Therefore, Plaintiff's Motion Requesting to File Supplemental Filings Updating

20 Plaintiff's Preliminary Injunction with New Facts Showing Deteriorating Physical and

21 Psychological Condition (Dkt. 214) is denied.

22        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

23 the parties shall have fourteen (14) days from service of this Report to file written objections. *See*

24

1  *also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for
2  purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed
3  by Rule 72(b), the Clerk is directed to set the matter for consideration on March 15, 2019 as noted
4  in the caption.

5      Dated this 22nd day of February, 2019.

                                                                                            /s/ David W. Christel

                                                                     David W. Christel
                                                                     United States Magistrate Judge