UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

    Plaintiff,

v.

KENNETH B LAUREN, et al.,

    Defendants.

CASE NO. 3:17-CV-05013-RBL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action are Plaintiff Steven Darby McDonald's Amended Notice of Retaliation and Request to Show Cause to Timothy Feulner Assistant Attorney General ("Request to Show Cause"), Response to Court Order to File Motion to Substitute Defendant Lauren in his Individual Capacity, wherein Plaintiff requests Court-appointed counsel ("Request for Counsel"), and Motion Requesting Status of Filings that had Deadlines and were Timely Filed but no NEF's were Returned ("Motion Requesting Status"). Dkt. 221, 224, 229. Defendants have also filed a response to the Court's Order directing

Defendants to file the name of the current Medical Director of the Monroe Correctional Complex. *See* Dkt. 230.

After reviewing the relevant record, Plaintiff's Request to Show Cause (Dkt. 221), Request for Counsel (Dkt. 224), and Motion Requesting Status (Dkt. 229) are denied. Plaintiff is directed to refrain from filing repetitive motions and documents. The Clerk of Court is directed to substitute Facility Medical Director of the Monroe Correctional Complex Dr. Areig Awad, in her official capacity, for Dr. Kenneth Lauren, in his official capacity.

**I.      Request to Show Cause (Dkt. 221)**

On February 19, 2019, Plaintiff filed the Request to Show Cause, requesting the Court "ascertain why [Timothy Feulner, Defendants' counsel,] is interfering in Plaintiff's previously scheduled medical procedures, (MRCP) treatments and recommendations to receive pain management." Dkt. 221, p. 1. Plaintiff alleges one of his medical providers "changed her mind" regarding Plaintiff's treatment after speaking with someone at the Department of Corrections Headquarters. *Id*. at p. 2. Plaintiff speculates Mr. Feulner was the individual who spoke with his medical provider. *Id*.

Plaintiff provides no evidence showing Mr. Feulner, who is not a defendant in this case, took actions resulting in a denial of Plaintiff's medical care. Rather, Plaintiff merely "alleges" Mr. Feulner spoke with one of Plaintiff's medical providers. Dkt. 221, p. 2. Plaintiff has also filed a separate lawsuit against Mr. Feulner regarding the allegations contained in the Request to Show Cause. *See* Dkt. 221. Plaintiff now appears to be attempting to litigate the separate lawsuit in this case, which is not appropriate. For these reasons, Plaintiff's Request to Show Cause (Dkt. 221) is denied.

## II. Request for Counsel (Dkt. 224)

On February 19, 2019, the Court granted Plaintiff leave to file a motion to substitute Defendant Kenneth Lauren. Dkt. 220. Plaintiff filed the Request for Counsel in response to the Court's Order. Dkt. 224. In the Request for Counsel, Plaintiff states he has attempted to obtain information regarding the identity of Defendant Lauren's personal representative; however, Plaintiff has been unable to do so because of his incarceration and lack of internet access. *Id*. Plaintiff states he needs Court-appointed counsel assist him in identifying Defendant Lauren's personal representative. *Id*.[1]

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

---

[1] Plaintiff also states he is requesting the Court appoint a guardian ad litem to assist him in identifying Defendant Lauren's personal representative. *See* Dkt. 224. Plaintiff, however, does not assert he is incompetent. Therefore, the Court finds Plaintiff has not shown appointment of a guardian ad litem is appropriate in this case. *See also* Dkt. 222 (denying request for appointment of a guardian ad litem).

Here, Plaintiff has not shown Court-appointed counsel is warranted at this time. This case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. Plaintiff may be able to better litigate this case with appointed counsel; however, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Accordingly, Plaintiff's Request for Counsel (Dkt. 224) is denied without prejudice.

### III.     Motion Requesting Status (Dkt. 229)

Plaintiff filed a Motion Requesting Status, wherein he states his motions have not been immediately docketed and served by the Court. *See* Dkt. 229. Plaintiff requests access to the PACER system to view his motions, for the Court to send certified copies of his motions, or for the Assistant Attorney General to send him copies of his last several motions. *Id*. at p. 3. The Court has reviewed the docket in this case and finds Plaintiff's last several filings have been docketed within one to two business days after the Clerk's Office received the motions. The Court, therefore, does not find there has been any unnecessary delay in docketing Plaintiff's motions. Accordingly, Plaintiff's Motion Requesting Status (Dkt. 229) is denied.

### IV.     Repetitive Filings

In their Response to Plaintiff's Request to Show Cause, Defendants ask the Court to admonish Plaintiff for the frivolous filing and caution Plaintiff against future frivolous filings. Dkt. 225. The Court has reviewed several of Plaintiff's filings and finds it appropriate to direct Plaintiff to refrain from excessive filing. Plaintiff continues to file repetitive motions and requests. For example, Plaintiff has filed several requests for Court-appointed counsel. *See* Dkt.

48, 174, 190, 201, 224. Plaintiff also continues to file duplicative copies of his medical records. Plaintiff is directed to file only motions and arguments which are clear and concise and focus on the merits of his case. If Petitioner files any duplicative motion or document, the Court may strike the filing as duplicative without additional comment.

**V.     Official Capacity Substitution**

On February 19, 2019, after determining the Medical Director of Monroe Correctional Complex should be substituted for any official capacity claims Plaintiff alleged against Defendant Lauren, the Court directed Defendants to provide the name of the Medical Director of Monroe Correctional Complex. Dkt. 220. Defendants have now provided the name of the current Facility Medical Director of the Monroe Correctional Complex. Dkt. 230. Therefore, the Clerk is directed to substitute Facility Medical Director of the Monroe Correctional Complex Dr. Areig Awad, in her official capacity, for Dr. Kenneth Lauren, in his official capacity.

**VI.    Conclusion**

For the above stated reasons, Plaintiff's Request to Show Cause (Dkt. 221), Request for Counsel (Dkt. 224), and Motion Requesting Status (Dkt. 229) are denied. Plaintiff is directed to refrain from filing repetitive motions and documents. The Clerk of Court is directed to substitute Facility Medical Director of the Monroe Correctional Complex Dr. Areig Awad, in her official capacity, for Dr. Kenneth Lauren, in his official capacity.

Dated this 19th day of March, 2019.

David W. Christel
United States Magistrate Judge