UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN DARBY MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH B LAUREN, et al.,<br><br>Defendants. | CASE NO. 3:17-CV-05013-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 3, 2019 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court are Plaintiff Steven Darby McDonald's "Rule 52(b) Motion[s] to Amend or Make Additional Factual Findings." Dkt. 234, 238.[1] After considering Plaintiff's Motions and the record, the Court recommends Plaintiff's Motions (Dkt. 234, 238) be denied.[2]

---

[1] Plaintiff filed two identical Motions because the Court entered two Orders adopting the Report and Recommendation Plaintiff now seeks to have amended. *See* Dkt. 242, p. 1, n.1.

[2] As the Court is including additional findings regarding Plaintiff's previous request for a preliminary injunction, the Court is entering a Report and Recommendation, not an order.

REPORT AND RECOMMENDATION - 1

## I. Background

In the Complaint, Plaintiff alleges Defendants, employees of the Department of Corrections ("DOC"), acted with deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment constitutional rights. Dkt. 4. Plaintiff also contends Defendants have denied him medical care in retaliation for placing information related to DOC employees on a website. *Id*.

On December 21, 2017, Plaintiff filed a motion for a preliminary injunction. Dkt. 99. In the motion for a preliminary injunction, Plaintiff requested the Court order Defendants to provide Plaintiff with diagnostic testing of his fluctuating biliary architecture and resume Plaintiff's pain management. *Id*. On July 5, 2018, after lifting a stay in this case, the undersigned recommended the motion for a preliminary injunction be denied as moot and, on July 23, 2018, the Honorable Ronald B. Leighton adopted the Report and Recommendation. Dkt. 156, 160. Plaintiff appealed Judge Lieghton's Order. Dkt. 161. On December 21, 2018, the Ninth Circuit Court of Appeals remanded Plaintiff's motion for a preliminary injunction to the District Court for further proceedings, stating the Court "should consider in the first instance the merits of [Plaintiff's] motion for a preliminary injunction." Dkt. 200, p. 2. Judge Leighton re-referred Plaintiff's motion for preliminary injunction to the undersigned, Dkt. 212, and, on February 22, 2019, the undersigned entered a Report and Recommendation, recommending the motion for a preliminary injunction be denied. Dkt. 223. Judge Leighton entered Orders adopting the Report and Recommendation on March 14, 2019 and April 1, 2019. Dkt. 231, 237.

Plaintiff has now filed the current Motions pursuant to Rule 52(b) of the Federal Rules of Civil Procedure requesting the Court amend its Order denying the motion for a preliminary injunction. Dkt. 234, 238. Plaintiff states the Court failed to properly consider his request for

injunction relief under the Ninth Circuit's alternative test for issuing a preliminary injunction. Dkt. 234, 238. Defendants filed a Response to the Motions stating Plaintiff has not made a showing under Rule 52(b); however, Defendants do not object to the Court clarifying that Plaintiff's request for injunctive relief fails under either the traditional test or the Ninth Circuit's alternative test for issuing injunctive relief. Dkt. 240.

## II.   Discussion

Rule 52(b) of the Federal Rules of Civil Procedure provides that in cases tried without a jury, "the court may[, after the judgment is entered,] amend its findings—or make additional findings—and may amend the judgment accordingly." Motions under Rule 52(b) are granted in order to correct manifest errors of law or fact or to address newly discovered evidence. *Wade v. United States*, 2012 WL 2990700, at *2 (N.D. Cal. July 20, 2012); *Town House Dep't Stores, Inc. v. Ahn,* 2003 WL 881004 (Guam Ter. March 7, 2003) ("a motion to amend under Rule 52(b) is intended "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence") (quoting *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986)).

Plaintiff argues the Court erred by failing to consider the Ninth Circuit's alternative test for issuing a preliminary injunction when it denied his motion for a preliminary injunction. Dkt. 234, 238. The Court, however, did consider both tests for issuing a preliminary injunction and found Plaintiff was not entitled to relief. *See* Dkt. 223. As such, Plaintiff has not shown a manifest error or presented newly discovered evidence which would warrant relief under Rule 52(b). Therefore, the Court recommends Plaintiff's Motions (Dkt. 234, 238) be denied.

Defendants state they do not object to the Court clarifying that Plaintiff did not meet either test for issuing a preliminary injunction. Dkt. 240. The Court, therefore, makes the

following findings and recommendation to clarify that Plaintiff has not shown he is entitled to injunctive relief under either test for issuing a preliminary injunction:

"A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

First, Plaintiff fails to show he meets the first prong of either test for issuing injunctive relief as Plaintiff has not shown a likelihood of success on the merits or that there are serious questions going to the merits of his case. Plaintiff contends Defendants have acted with deliberate indifference to his serious medical needs and requests the Court order Defendants to (1) provide diagnostic testing in the form of an endoscopic retrograde cholangio-pancreatography ("ERCP") and (2) resume pain management treatment. Dkt. 99.

In order to establish a violation of the Eighth Amendment, a prisoner must show prison officials were deliberately indifferent to health or safety by subjecting the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is shown when prison officials consciously disregard an excessive risk of harm to an inmate's health or safety. *Id*. at 838–40. It is "obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of

confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The plaintiff must show a chosen course of treatment was medically unacceptable under the circumstances, and must show the course of treatment was chosen in conscious disregard of an excessive risk to the plaintiff's health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, the record contends hundreds of pages of medical records indicating Plaintiff has been treated for his medical conditions. *See e.g.* Dkt. 99, 190, 215. Plaintiff, however, has not shown the treatment he has received is medically unacceptable. Specifically, medical records show the requested ERCP is merely a treatment option for Plaintiff and is not medically necessary. *See* Dkt. 99, pp. 31-32, 58. In a 2011 medical opinion, Dr. Theodore W. Bohlman, M.D., opined that he "would consider ERCP if [Plaintiff] continues to show evidence of Common Bile Duct Dilation[.]" *Id*. at 32. On March 31, 2016, Dr. Diego Lopez de Castilla, M.D. determined the DOC medical staff should continue to observe Plaintiff's symptoms, rather than refer Plaintiff for an ERCP. *Id*. at p. 58. An August 23, 2018 grievance response shows Plaintiff's most recent ultrasound showed Plaintiff's biliary duct dilation was within a normal range and an ERCP was "not medically necessary or indicated" at that time. Dkt. 214-1, p. 10; *see also* Dkt. 190-1, pp. 19, 21, 35; *see also* Dkt. 58, Kroha Dec., ¶¶ 13-14; Dkt. 99, p. 55. Based on the record, Plaintiff has not shown the failure to conduct an ERCP is medically unacceptable in this case.

Furthermore, Plaintiff submitted medical records showing he has been prescribed different types of pain medication beginning in 2006. *See* Dkt. 190-3, pp. 29, 40-44; Dkt. 99, p. 47. Evidence shows Plaintiff complains of adverse side effects to pain medications, declining all pain medication except narcotic pain medication. *See* Dkt. 190-3, pp. 14, 25, 37-38; Dkt. 58,

1 Kroha Dec., ¶ 11. Defendant Edith Kroha, an advanced registered nurse practitioner, testified
2 Plaintiff does not appear to be in extreme pain and Defendant Kroha has not seen objective signs
3 indicating chronic narcotics are necessary. Dkt. 58, Kroha Dec., ¶ 11. Defendant Kroha stated
4 opioid medication would not typically be used to treat Plaintiff's conditions. *Id*. The DOC Care
5 Review Committee also determined chronic narcotic pain medication was not medically
6 necessary for Plaintiff. *See id*. at p. 30. In a medical record dated July 3, 2018, Phu Ngo, a
7 physician's assistant, noted he explained to Plaintiff that Plaintiff's high opioid risk was
8 escalated "based on personal history of [a]lcohol, drug, and prescription drug problem as
9 reported in the Offender Needs Assessment." Dkt. 190-2, p. 12. Furthermore, Dr. Bohlman
10 opined that "one must be cautious in management of [Plaintiff's] pain as potent narcotics may
11 contribute to hepatic encephalopathy as an undesirable side effect." Dkt. 99, p. 31. As such,
12 Plaintiff has not shown he has received medically unacceptable treatment for his pain.

13     The Court also notes Plaintiff has submitted medical records showing DOC medical
14 providers prescribed Plaintiff oxycodone, a narcotic pain medication, beginning on October 16,
15 2018 for acute pain. Dkt. 215-1, p. 21. Evidence shows Plaintiff received an oxycodone
16 prescription as recently as December 24, 2018. *Id*. at p. 14. As Plaintiff has submitted evidence
17 showing he is being provided with pain management treatment, the Court finds Plaintiff's
18 request that the Court order Defendants to resume pain management is moot. *See Friends of The*
19 *Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978) ("Where the activities sought to be
20 enjoined have already occurred, . . . the action is moot."); *Shabazz v. Giurbino*, 2017 WL
21 2671082, *12 (E.D. Cal. June 21, 2017) (finding injunctive relief moot where, under the current
22 prison regulations, the plaintiff had received a satisfactory form of the relief he requested).

23
24

      Based on the above evidence, Plaintiff has shown he is receiving treatment for his medical conditions. He disagrees with the treatment and requests specific diagnostic testing and specific pain management treatment. However, this is insufficient to show Defendants have acted with deliberate indifference to Plaintiff's serious medical needs regarding Plaintiff's request for ERCP testing and the resumption of pain management. Therefore, Plaintiff fails to meet the first prong of either preliminary injunction test. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (mere differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim); *Witherspoon v. Warner*, 2013 WL 3733495, at * 3 (E.D. Wash. July 15, 2013) (finding the plaintiff failed to show he was likely to succeed on the merits where the record showed the plaintiff had been receiving treatment, medical professionals found surgery was not medically necessary, and opioid medication had been denied as not medically necessary because of the plaintiff's high risk of opioid dependence).

      Second, Plaintiff fails to show he meets the second prong of either test for issuing injunctive relief as he has not shown he will suffer irreparable injury if a temporary injunction is not issued. To obtain injunctive relief, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine*

*Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (internal citation and other cited sources omitted; emphasis in original).

Here, Plaintiff presents no medical evidence showing extreme or serious damage will result if he is not provided with an ECRP or different pain management treatment. *See* Dkt. 58, Kroha Dec., ¶¶ 13-14; Dkt. 99, p. 55; Dkt. 190-1, pp. 19, 21, 35; Dkt. 190-3, p. 31; Dkt. 214-1, p. 10. For example, he has not shown the requested relief is medically necessary. Therefore, Plaintiff fails to demonstrate an immediate threatened injury sufficient meet the second prong of either preliminary injunction test. *See Witherspoon*, 2013 WL 3733495 at *3.

As Plaintiff has not shown he is likely to succeed on the merits or that there are serious questions going to the merits and has not shown he will suffer irreparable harm if the Court declines to order Defendants to provide Plaintiff with an ERCP and resume pain management treatment, he has not shown a preliminary injunction is warranted at this time. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (finding the court need not address the remaining elements of the preliminary injunction standard after determining the plaintiff had not shown he was likely to suffer irreparable harm in the absence of preliminary relief).

### III. Conclusion

Plaintiff has not shown a manifest error or presented newly discovered evidence sufficient to warrant relief under Rule 52(b). Therefore, the Court recommends Plaintiff's Motions (Dkt. 234, 238) be denied. The Court further clarifies that, because Plaintiff has not shown he is likely to succeed on the merits or that there are serious questions going to the merits and has not shown he will suffer irreparable harm, Plaintiff has not shown he is entitled to preliminary injunctive relief under either test for issuing injunctive relief.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 3, 2019 as noted in the caption.

Dated this 18th day of April, 2019.

David W. Christel
United States Magistrate Judge